**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANN MARIE MYERS, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> INTEGRA LIFESCIENCES CORP., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: 3:24-cv-8966-MAS <br><br> FIRST AMENDED COMPLAINT |

# **INTRODUCTION**

Integra LifeSciences Corp. crushed Ann Marie Myers ("Mrs. Myers") spirit when it told her that her sincerely held religious beliefs and practices meant nothing. She had been working faithfully for the company for a number of years. In requesting a religious accommodation with respect to the company's COVID-19 vaccination mandate, Mrs. Myers expressed her religious beliefs, and why the vaccine mandate would inhibit those beliefs. When Mrs. Myers sought a promotion, Defendant refused, advising her that she was ineligible because of her anti vaccination beliefs. Even further, because of Ms. Myers beliefs, Defendant started penalizing her and taking money from her paychecks. Many other employees found themselves in the same situation as Mrs. Myers.

This case is about vindicating Mr. Myers belief, and holding Defendant to account for their willful conduct.

## NATURE OF ACTION

1. This is a case seeking damages arising from Defendant's unlawful religious discrimination against Mrs. Myers.

## PARTIES

2. Plaintiff Ann Marie Myers is a former employee of Defendant.

3. Defendant Integra LifeSciences Inc. is a corporation existing, operating, and doing business in and under the laws of the State of New Jersey, and was the employer of Mrs. Myers. Defendant Integra is domiciled in the State of New Jersey.

## JURISDICTION AND VENUE

4. Defendant removed this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

5. Venue is proper because a Defendant is domiciled in Princeton, New Jersey.

## FACTUAL BACKGROUND

6. When the COVID-19 pandemic began in early 2020, it disrupted all of our lives.

7. At first, there was no protection against the virus, no vaccine was

available, and there was a nationwide lockdown.

8. In or about late 2020, vaccines were developed that were initially difficult to obtain, and were limited. After a time, two vaccines became viable and were made more available.

9. Despite the nascent availability of the new vaccines, there arose intense public discussion in opposition to the vaccines for reasons including religious objections.

10. Indeed, Defendant's motivation for imposing its vaccine mandate in the first place was to achieve 100% (or nearly 100%) vaccination status among its employees, even when it knew that one of the main reasons it did not have 100% status was because of employees' religious objections.

11. As a result, Defendant was categorically predisposed against all religious accommodation requests. Defendant had little intention of approving any religious accommodation requests (but for an exceeding few), and had a plan pretextually to assert that to accommodate any religion-based request would pose an undue hardship on the company (as evidenced by its policy to refuse relief from the vaccine mandate even for employees whose jobs were specifically designated as remote).

12. Although Integra was required to handle all religious accommodation requests on an individualized basis, in fact, Integra did not do so in this case.

Instead, Integra adopted and implemented a policy, practice or pattern to deny religious accommodation requests because the company did not believe that there was any legitimate reason, based on religious belief, for any employee not to take the COVID vaccine.

13. It is not surprising, then, that Integra denied the majority of the religious accommodation requests submitted by Integra employees.

14. Upon information and belief, Integra received more than 40 religious accommodation requests.

15. Defendant acted in accordance with a common policy, plan, or practice to deny religious accommodation requests with respect to the company's COVID-19 vaccine mandate.

*The Circumstances of Mrs. Myers Case*

16. Mrs. Myers's employment with Defendant began on January 4, 2012.

17. In 2021, Mrs. Myers was informed by Integra that all of its employees were expected to receive the vaccine.

18. Due to her religious beliefs, Mrs. Myers could not get the vaccine. While Mrs. Myers sought a religious exemption from this requirement, Integra informed Mrs. Myers that there would be no religious exemption.

19. Despite their representations to her, Mrs. Myers chose not to get any Covid vaccine.

20. Despite her request for religious exemption, in 2021, Integra began to penalize Mrs. Myers, and employees similarly situated, by taking a set penalty out of their paycheck each payroll, referring to it as the Covid Unvaxxed penalty.

21. Upon information and belief, the penalty charged was approximately $46 per payroll cycle.

22. The payroll penalty continued to be taken into 2023, when Mrs. Myers remained unvaccinated.

23. In addition to taking these wages, on or about August 2022, Mrs. Myers sought a promotion to qualify as a "Quality Inspector." On August 22, 2022, Mrs. Myers was rejected for the promotion as a result of her religious beliefs, and her refusal to get vaccinated.

24. Integra failed to provide any accommodation for Mrs. Myers religious beliefs.

25. Upon information and belief, these same circumstances were applied towards other employees of Integra, who work and reside in New Jersey.

## CLASS ACTION ALLEGATIONS

### The Class

24. Plaintiff brings this as a class action pursuant to New Jersey Court Rule 4:32 on behalf of herself and all others similarly situated.

25. The classes are defined as follows:

Class A: **All employees who were subject to the Covid Unvaxxed penalty.**

Subclass A: **All employees who were subject to the Covid Unvaxxed penalty as a result of their religious beliefs.**

Class B: **All employees and applicants who were subject to adverse employment action as a result of their religious beliefs.**

## Numerosity

26. Upon information and belief, Defendant has subjected over 40 employees to the Covid Unvaxxed penalty as a result of their religious beliefs.

27. Upon information and belief, only 15%[1] or 585 of Defendant's approximately 3,900 employees remained unvaxxed during the time period of the Covid Unvaxxed penalty.

28. Upon information and belief, the total amount of penalties subjected upon Class A and Subclass A, are less than $2,000,000.

29. Upon information and belief, Defendant has subjected over 40 employees to adverse employment consequences related to their religious beliefs, which prevented them from being unvaccinated.

30. Upon information and belief, the total number of damages, as a result of said discrimination does not exceed $2.5 million.

---

[1] https://www.census.gov/library/stories/2021/12/who-are-the-adults-not-vaccinated-against-covid.html.

31. The members of the Classes, as described herein, therefore, are believed to be so numerous that joinder of all members is impracticable.

32. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

33. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. Common questions of law and fact include the appropriate statutory formula of compensation for victims of said unlawful conduct, and the uniform application of discrimination and illegitimate penalties.

### Typicality

34. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

35. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

### Proceeding Via Class Action is Superior and Advisable

36. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

37. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

38. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

39. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

40. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) allowing Defendant to enjoy the benefit of their ill-gotten gains.

## **CAUSES OF ACTION**

### **COUNT I**
***Violations of Ohio Prompt Pay Act***
**Ohio Rev. Code Ann. § 4113.15**

41. Plaintiff repeats the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

42. Defendant is an "employer" pursuant to Ohio Rev. Code. Ann. § 4113.15(D)(4).

43. Defendant has repeatedly withheld payroll, as a penalty against Plaintiff for her religious beliefs in refusing to get vaccinated in violation of Ohio Rev. Code Ann. § 4113.15.

## COUNT II
## Unjust Enrichment

44. Plaintiff repeats the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

45. Despite Plaintiff completing her work satisfactorily, and Defendant receiving the benefit of Plaintiff's work product, Defendant refused to provide Plaintiff her full salary.

46. Instead, Defendant stole a portion of her salary as a penalty arising from her religious beliefs.

47. By not paying Plaintiff, Plaintiff lost monies earned, and Defendant kept said monies.

48. Keeping a portion of Plaintiff's salary violates fundamental principles of justice, equity and good conscience.

## COUNT III
## Breach of Contract

49. Plaintiff repeats the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

50. Plaintiff and Defendant agreed to a set salary for Plaintiff's work product.

51. Defendant breached the contract and unilaterally chose to pay Plaintiff less than her contract provided for.

52. Plaintiff has suffered damages as a result of Defendant's breach in the form of missing wages.

## COUNT IV
## Title VII Discrimination

53. Plaintiff repeats the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

54. Title VII forbids employment discrimination on account of religion, which includes all aspects of religious observance and practice. 42 U.S.C. § 2000e(j).

55. At all relevant times, Plaintiff maintained a sincerely held religious belief that taking the Covid-19 vaccine would go against her religious principles.

56. When Defendant imposed a requirement upon its employees to

receive the vaccine, Plaintiff brought her religious concerns about the vaccine to Defendant's attention.

57. Plaintiff requested a reasonable accommodation to address her religious beliefs. Defendant refused. Instead, Defendant penalized Plaintiff for her beliefs, by imposing a monetary fine, and rejecting her promotion.

58. Defendant's actions to deny Plaintiff's religious beliefs were deliberate and demonstrate reckless indifference to her rights.

## COUNT V
## Title VII Retaliation

59. Plaintiff repeats the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

60. Plaintiff sought religious protections from Defendant in asking for an exemption to the vaccine mandate based on sincerely held religious beliefs.

61. Defendant understood Plaintiff was seeking religious protection, with her requests.

62. Defendant refused to promote Plaintiff as a result of refusing the vaccine.

63. Defendant also fined Plaintiff, on a bi-weekly basis for sticking to her beliefs.

WHEREFORE, Plaintiff, Ann Marie Myers, respectfully requests that this Court do the following:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter a Declaratory judgment against Defendant finding and declaring that Defendant has violated Title VII;

C. Enter judgment against Defendant for compensatory, consequential, liquidated, treble, and punitive damages;

D. Enter an award of equitable relief, including:

1. Ordering Defendant to take appropriate corrective action to stop and prevent religious discrimination at the workplace;

2. Ordering Defendant to undergo anti-discrimination training;

3. Ordering Defendant to engage a research organization to assess the effectiveness of its anti-discrimination training; and

4. Ordering Defendant to pay the attorneys' fees and disbursements of Plaintiff's counsel to oversee and enforce the equitable remedies identified above

      E.      Awarding costs and reasonable attorney's fees;

      F.      Grant such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues in this action.

Dated: November 22, 2024                Respectfully submitted,

                                      /s/ Daniel Zemel
                                      Daniel Zemel, Esquire
                                      Nicholas Linker, Esquire
                                      ZEMEL LAW, LLC
                                      400 Sylvan Ave.
                                      Suite 200
                                      Englewood Cliffs, New Jersey 07632
                                      Telephone: (862) 227-3106
                                      Facsimile: (973) 282-8603
                                      Email: DZ@zemellawllc.com
                                      Email: NL@zemellawllc.com

                                      *Attorneys for Plaintiff*